PEOPLE OF PORTO RICO, Plaintiff and Appellee, v. JOSÉ NICO-LÁS ORSINI AND EMILIO DÁVILA, Defendants and Appellants; PEOPLE OF PORTO RICO, Plaintiff and Appellee, v. EMILIO DÁVILA, Defendant and Appellant; PEOPLE OF PORTO RICO, Plaintiff and Appellee, v. JOSÉ NICOLÁS ORSINI, Defendant and Appellant.

Nos. 3839, 3841 and 3838. Argued November 13, 1929.— Decided December 6, 1929.

*M. Benítez Flores* and *B. Dávila Rodríguez*, for appellants. *R. A. Gómez*, for appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

In the first of the above cases defendants were jointly accused, tried, and convicted of a breach of the peace. The second and third of these cases were then submitted on the evidence adduced, the objections interposed, and the exceptions taken at the trial of the first. On that record each of the defendants was convicted of carrying a weapon. The three cases were submitted on appeal by a single brief for appellants and another for The People.

Most of the argument in the brief for appellants goes to the sufficiency of the evidence. There is no assignment of errors, and this omission, without more, would justify an affirmance. Nevertheless, we have examined the stenographic record and do not find therein any basis for the conviction of Emilio Dávila in either of the two cases against him. In the case of Orsini, a policeman testified to certain admissions made by him. What Orsini said to the policeman was in substance that his car had stopped on the roadside when Dávila, who was following him, came up in another car, stopped and opened fire, and that Orsini then drew his weapon and a number of shots were exchanged. This statement involves an admission that Orsini was carrying a weapon. It does not follow that he was guilty of a breach of the peace. His version of what occurred (which is uncontradicted) indicates rather that Orsini acted in self-defense. Upon this theory he did not wilfully disturb the peace. There was no *mens rea*.

While the policeman was testifying to the statement made by Orsini an objection was made on the ground that such testimony was hearsay and inadmissible. As to Orsini it was not hearsay. Nor was it inadmissible in the absence of any more definite objection. As to Dávila the question need not be further discussed.

Both Orsini and Dávila were accompanied by others. At the trial *de novo* in the district court several of these fellow travelers testified that they heard the shooting but did not see who did it. Other witnesses passed the two cars shortly before the shooting began, heard the fusillade, and reported at once to the police.

At the close of the evidence for the prosecution the district attorney moved for a recess until the judge who had tried the three cases in the municipal court could be produced for the purpose of impeachment. After a district chief of police had testified to the existence of certain sworn state-

ments made in the course of the original investigation, a recess was taken and the hearing was resumed at a later hour of the same day.

The district attorney was not ready for trial. Certainly he would have had no reason to complain if the request for a recess had been refused. The trial judge had good reason to resent the cryptic account of the shooting by noncombatants who were grouped about the two principals and, who having ears to hear, heard the shooting; but having eyes to see, saw naught. We find no abuse of discretion in the granting of the motion for a recess.

At the afternoon session a number of witnesses for the prosecution were reexamined by the district attorney without any objection from defendants. Each of one group was asked whether he had testified at the trial in the municipal court that Orsini did the shooting. Each of another group was asked whether he had testified that Dávila did the shooting. The answer in every instance was in the negative. The municipal judge then testified that the first group had said in the municipal court that Orsini was obstructing the road with his car and opened fire on Dávila when he and his friends arrived, while the second group had stated that when Dávila arrived he began firing at Orsini.

Defendants objected to the judge's testimony on two grounds: First, defendants had not received any notice that the municipal judge would be used as a witness against them; second, the procedure was novel and abnormal. The district judge inquired as to the purpose of this testimony. The district attorney answered that his purpose was to impeach the credit of the witnesses who had preceded the municipal judge and to show that they had previously told a different story. The district judge announced that what the witnesses had said on a previous occasion could not be considered as evidence in the case before the court. To this the district attorney agreed. The judge admitted the testimony with a view to weighing the statements of the witnesses about to

be impeached (if they should be shown to have made previous inconsistent statements) in accordance with section 243 of the Code of Criminal Procedure, and in accordance with the doctrine of *People* v. *Rojas*, 16 P.R.R. 238.

The court added that the testimony might be considered with a view to passing upon the question of perjury as contempt. Defendants excepted on the ground that the pending cases should be disposed of before the contempt proceeding was instituted. In reply the trial judge cited the case of *People* v. *Valcourt*, 18 P.R.R. 471, as holding that the initial step in a contempt proceeding must be taken before the close of the case in which the perjury in question was alleged to have been committed. Counsel insisted that there was nothing concrete before the court; that it was a mere hypothesis that witnesses had not told the same story in both courts. The trial judge replied that he was not laboring under any misapprehension and repeated the statement already made to the effect that he would not consider the municipal judge's testimony as a revised version of what the preceding witnesses had said but would decide the case on the evidence adduced therein, in accordance with the doctrine of *People* v. *Rojas, supra*.

In this we find no error.

The judgment in case No. 3838 against Nicolás Orsini for carrying a weapon will be affirmed and the judgments in cases Nos. 3841 and 3839 will be reversed.